NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| XU YAO,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 08-73943<br><br>Agency No. A088-196-799<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred December 9, 2014
Submitted June 1, 2015[**]
San Francisco, California

Before: KOZINSKI, RAWLINSON, and MURGUIA, Circuit Judges.

Petitioner Xu Yao (Yao) challenges the Board of Immigration Appeals'

affirmance of the denial by an immigration judge (IJ) of asylum, withholding of

removal, and relief pursuant to the Convention Against Torture.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Substantial evidence supports the IJ's adverse credibility determination: Yao's conclusory and speculative statements concerning his knowledge of alleged theft and embezzlement by the factory's management; Yao's inadequate explanation regarding his representation of workers at a factory that he had not been associated with for several years; Yao's inconsistent testimony that governmental investigations had "no outcomes" while acknowledging that some of the factory's directors and managers confessed to theft and embezzlement; and Yao's testimony that he remained in the United States because of its quality of life, although asserting in his asylum application that he did not return to China due to his fear of being arrested. *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (articulating that, under the REAL ID Act, the IJ may premise an adverse credibility determination on "any inaccuracies or falsehoods . . . or any other relevant factor") (citation and internal quotation marks omitted). Based on its adverse credibility determination, the IJ properly denied Yao's asylum and withholding of removal claims. *See Jin v. Holder*, 748 F.3d 959, 967 (9th Cir. 2014).

Substantial evidence also supports the IJ's denial of Yao's claim under the Convention Against Torture, because Yao failed to present any evidence beyond his discredited testimony to establish that it was "more likely than not that he . . .

2

would be tortured if removed." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (citations and internal quotation marks omitted).

**PETITION DENIED.**